Aaron S. Jacobs (Cal. Bar No. 214953)
ajacobs@princelobel.com
James J. Foster
jfoster@princelobel.com
Matthew Vella (Cal. Bar No. 314548)
mvella@princelobel.com
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC<br><br>    Plaintiff,<br><br>v.<br><br>H&R BLOCK, INC. and<br>HRB DIGITAL LLC,<br><br>    Defendant. | Civil Action No. 8:19-cv-01149<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Uniloc 2017 LLC ("Uniloc"), alleges as follows against defendants, H & R Block, Inc. and HRB Digital LLC (together "HRB"):

**THE PARTIES**

1.   Uniloc is a Delaware limited liability company.

2.   H & R Block, Inc. is a Missouri corporation having numerous regular and established places of business within this judicial district. *See* www.hrblock.com/tax-offices/.

3.   HRB Digital LLC is a Delaware corporation that distributes tax preparation software to, and for use by, taxpayers within this judicial district.

**JURISDICTION**

4.   Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**COUNT I**

(INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

5. Uniloc incorporates paragraphs 1-4 above, by reference.

6. Uniloc is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK, that issued on November 27, 2001 on an application filed on December 14, 1998. A copy of the '578 Patent is attached as Exhibit A.

7. HRB maintains a network of high-security, access-controlled data centers that host a platform through which it offers and provides products and services such as the Free, Deluxe and Premium versions of Online Tax Filing ("HRB platform" or "platform"):



8. A HRB customer launches the Online Tax Filing application downloaded from HRB by creating an account and logging in:

2

9. When an Online Tax Filing account has successfully been opened with HRB, the user is authorized to proceed with the application.

10. When a user logs in to HRB via the Sign In launcher, the user interface provides a plurality of options to select from, such as preparing Federal or State returns:



11. Once granted access to the HRB platform, a user is presented with a plurality of user-configurable preferences, such as account settings, update password, and update security questions:



12. The HRB platform provides a plurality of administrator-configurable preferences such as password requirements, privacy provisions, and the length of time data is stored:

4



13. HRB stores user information provided via the HRB platform to perform operations requested by customers, such as calculating tax payments and refunds.

14. A user may request information from HRB, such as prior taxes paid, and HRB will respond to such a request by providing the user's prior tax information.

15. HRB infringed at least claim 1 of the '578 Patent by making, using, offering for sale, and/or selling the HRB platform, which software and associated architecture allow for installing an application program having configurable preferences and authorized users on a server coupled to a network, distributing an application launcher program to a client, obtaining a user set

of the configurable preferences, obtaining an administrator set of configurable preferences, and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user as described above.

16. HRB also infringed at least claim 1 of the '578 Patent by actively inducing the use of the HRB platform. HRB's customers who used the platform in accordance with HRB's instructions infringed the '578 Patent, as described above. HRB intentionally instructed its customers to infringe, with knowledge they were infringing, by providing instructions on how to use the platform.

17. HRB also infringed at least claim 1 of the '578 Patent by offering to sell, selling, and/or otherwise commercially offering use of its platform, which was used to infringe the '578 Patent and constituted a material part of the invention. HRB knew portions of the software contained in the accused platform were especially written solely for use to implement what HRB knew was infringement of the '578 Patent. HRB knew these portions had no use, other than for infringement.

18. HRB has been on notice of the '578 Patent since, at the latest, the service of the complaint upon it on June 8, 2017 in the previous action between Uniloc and H & R Block in the Eastern District of Texas. HRB knew and intended (since receiving that notice) that its continued actions actively induced and contributed to infringement of the '578 Patent.

19. HRB may have infringed the '578 Patent through other software and architecture utilizing the same or reasonably similar functionality, including other versions of the HRB platform.

20. Uniloc has been damaged by HRB's infringement of the '578 Patent.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

21. Uniloc incorporates herein by reference paragraphs 1-20 above.

22. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET

1  STATION ON A NETWORK, which issued on June 27, 2006, claiming priority to an application

2  filed on December 14, 1998. A copy of the '293 Patent is attached as Exhibit B.

3      23.   HRB uses Apache on-demand servers in the United States to host its services:

[Screenshot showing SSL certificate details for idp.hrblock.com, including Server: Apache, Organisation: H&R Block Inc, State: Missouri, Country: US, and a notice stating "Accessing Our Services from Outside the United States — Our services are hosted on servers located in the United States. We also use service providers located in the United States to bring you our services. If you access our services from outside the United States, you consent to the transfer of your information, including your personal information, to the United States, a jurisdiction that may not provide the same level of protection to your personal information as your home country."]

14     24.   HRB infringed, and continues to infringe, at least claim 1 of the '293 Patent by

15  making, using, importing, offering for sale, and/or selling the HRB platform, which software and

16  associated architecture allow for providing an application program for distribution to a network

17  server, specifying source and target directories for the program to be distributed, preparing a file

18  packet associated with the program including a segment configured to initiate registration

19  operations for the application program at a target on-demand server, and distributing the file packet

20  to the target on-demand server to make the program available for use by a client user as described

21  above.

22     25.   HRB has been on notice of the '293 Patent since, at the latest, the service of the

23  complaint upon it on June 8, 2017 in the previous action between Uniloc and HRB in the Eastern

24  District of Texas. HRB knew and intended (since receiving that notice) that its continued actions

25  infringed the '293 Patent.

26     26.   HRB may have infringed the '293 Patent through other software and architecture

27  utilizing the same or reasonably similar functionality, including other versions of the HRB

28  platform.

27. Uniloc has been damaged by HRB's infringement of the '293 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against HRB as follows:

(A)   finding that HRB has infringed the '578 Patent and the '293 Patent;

(B)   awarding Uniloc its damages suffered as a result of HRB's infringement of the '578 Patent and the '293 Patent;

(C)   awarding Uniloc its costs, attorneys' fees, expenses, and interest; and

(D)   granting Uniloc such further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 10, 2019                    Respectfully submitted,

*/s/ Aaron S. Jacobs*
Aaron S. Jacobs (Cal. Bar No. 214953)
ajacobs@princelobel.com
James J. Foster
jfoster@princelobel.com
Matthew Vella (Cal. Bar No. 314548)
mvella@princelobel.com
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000