Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
Matthew J. Silveira (State Bar No. 264250)
msilveira@jonesday.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone: +1.650.739.3939
Facsimile:  +1.650.739.3900

Andrea W. Jeffries (State Bar No. 183408)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California  90071-2452
Telephone: +1.213.489.3939
Facsimile:  +1.213.243.2539

Attorneys for Defendants
H&R BLOCK, INC. and HRB DIGITAL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>H&R BLOCK, INC. and HRB DIGITAL LLC,<br><br>            Defendants. | Case No.  8:19-cv-01149-JVS-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS H&R BLOCK, INC. AND HRB DIGITAL LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>Date:      September 23, 2019<br>Time:     1:30 p.m.<br>Courtroom:  10C<br>Judge:   Hon. James V. Selna |

## TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................... 1

II.   BACKGROUND .......................................................................................... 2

      A.    Block, Inc., a Holding Company, and HRB Digital, a Provider of
            Online Tax Preparation Software Over the Internet, Operate Out of
            Missouri. ............................................................................................... 2

      B.    Uniloc 2017 Knows from Uniloc's Earlier Lawsuit That Block, Inc.
            and HRB Digital Operate Out of Missouri. ......................................... 4

      C.    In This Lawsuit, Uniloc 2017 Offers Nothing More Than
            Conclusory Allegations Regarding Personal Jurisdiction and Venue. .. 5

III.  LEGAL STANDARDS ................................................................................ 6

      A.    Personal Jurisdiction .............................................................................. 6

      B.    Venue ...................................................................................................... 7

IV.   ARGUMENT ............................................................................................... 7

      A.    The Court Lacks Personal Jurisdiction Over Block, Inc. ...................... 7

            1.    The Court Lacks General Jurisdiction Over Block, Inc.
                  Because Block, Inc. Cannot Be Regarded as "Essentially at
                  Home" in California. ................................................................... 8

            2.    The Court Lacks Specific Jurisdiction Over Block, Inc. ........... 10

      B.    This District Is Not a Proper Venue For Suit Against Either
            Defendant. ............................................................................................ 15

V.    CONCLUSION ......................................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
160 F.3d 1373 (Fed. Cir. 1998) ................................................................. 12, 13

*AGIS Software Dev., LLC v. ZTE Corp.*,
No. 2:17-CV-00517-JRG, 2018 WL 4854023 (E.D. Tex. Sept. 28,
2018) .................................................................................................................. 18

*Anza Tech., Inc. v. Mushkin, Inc.*,
No. 2:17-00656, 2017 WL 6538981 (E.D. Cal. Dec. 21, 2017) ...................... 16

*Ayunan v. Caktiong*,
No. CV 15-9355-RSWL-PLAx, 2016 WL 738288 (C.D. Cal. Feb.
23, 2016) ............................................................................................................. 6

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ........................................................................... 6

*Bristol-Myers Squibb Co. v. Superior Court*,
137 S. Ct. 1773 (2017) ................................................................ 7, 11, 14, 15

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ........................................................................................ 14

*Celsi v. H&R Block, Inc.*,
No. DR081255 (Cal. Super. Ct., Humboldt Cty. Apr. 14, 2010) ...................... 10

*CollegeSource, Inc. v. AcademyOne, Inc.*,
653 F.3d 1066 (9th Cir. 2011) ........................................................................... 8

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) ........................................................................... 15

*Cortese v. H&R Block Tax & Bus. Servs., Inc.*,
No. CV-14-7550-PSG-MRW (C.D. Cal. Jan. 15, 2016) .................................... 10

*Costa v. Keppel Singmarine Dockyard PTE, Ltd.*,
  No. CV 01-11015MMM, 2003 WL 24242419 (C.D. Cal. April 24,
  2003) ................................................................................................................. 9

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ..................................................................................... 7, 8

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ............................................................................. 9

*Elecs. For Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003) .................................................................. 11, 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ........................................................................................... 7

*Green Fitness Equip. Co. v. Precor Inc.*,
  No. 18-cv-00820-JST, 2018 WL 3207967 (N.D. Cal. June 29,
  2018) ................................................................................................................. 18

*Heber v. Toyota Motor Sales U.S.A., Inc.*,
  No. SACV 16-01525, 2018 WL 3104612 (C.D. Cal. June 11, 2018) ............... 13

*Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ............................................................................. 9

*Idaho v. M.A. Hanna Co.*,
  819 F. Supp. 1464 (D. Idaho 1993) ................................................................. 14

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ........................................................... 16, 17, 18

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ......................................................................... 7

*Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd*,
  No. SA CV 17-1748-DOC, 2018 WL 4963129 (C.D. Cal. June 22,
  2018) ................................................................................................................. 18

*International Shoe Co. v. Washington,*
  326 U.S. 310 (1945) ................................................................ 11

*Ivy Bridge Univ., LLC v. Higher Learning Comm'n,*
  No. 15-CV-02187-SC, 2015 WL 6555428 (N.D. Cal. Oct. 28,
  2015) .......................................................................................... 8

*Jeffrey Galion, Inc. v. Joy Mfg. Co.,*
  323 F. Supp. 261 (N.D. W. Va. 1971) ................................... 19

*King v. H&R Block, Inc.,*
  No. BC713818 (Cal. Super. Ct., L.A. Cty. March 15, 2019) ............................. 10

*Magnacoustics, Inc. v. Resonance Tech. Co.,*
  No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) ............................... 16

*Martinez v. Aero Caribbean,*
  764 F.3d 1062 (9th Cir. 2014) .......................................... 8, 9

*Milliken v. Meyer,*
  311 U.S. 457 (1940) ................................................................ 11

*New World Int'l, Inc. v. Ford Global Techs., LLC,*
  859 F.3d 1032 (Fed. Cir. 2017) ............................................. 6

*NexLearn, LLC v. Allen Interactions, Inc.,*
  859 F.3d 1371 (Fed. Cir. 2017) ......................................... 8, 9

*Picot v. Weston,*
  780 F.3d 1206 (9th Cir. 2015) ............................................... 7

*Ranza v. Nike, Inc.,*
  793 F.3d 1059 (9th Cir. 2015) ........................................... 6, 8

*RegenLab USA LLC v. Estar Techs. Ltd.,*
  335 F. Supp. 3d 526 (S.D.N.Y. 2018) ................................... 16

*Rush v. Savchuk,*
  444 U.S. 320 (1980) ................................................................ 11

*Sarad v. Option One Mortg. Corp.*,
  No. CIV S-09-1080, 2010 WL 3784014 (E.D. Cal. Sept. 27, 2010) .................. 10

*Sayabath v. Invesco Ltd., Inc.*,
  No. 34-2009-00066011 (Cal. Super. Ct., Sacramento Cty. July 7,
  2011) ........................................................................................................... 10

*Scaramucci v. FMC Corp.*,
  258 F. Supp. 598 (W.D. Okla. 1966) ......................................................... 18

*Sisson v. Wells Fargo Bank N.A.*,
  No. BC480833 (Cal. Super. Ct., L.A. Cty. July 24, 2014) ................................ 10

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..................................................................... 6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ............................................................................... 15

*Tower Labs., Ltd. v. Lush Cosmetics Ltd.*,
  285 F. Supp. 3d 321 (D.D.C. 2018) ............................................................ 16

*Uniloc USA, Inc. and Uniloc Luxembourg, S.A. v. H&R Block, Inc.*,
  Civ. A. No. 2:17-cv-00468 (E.D. Tex.) (Schroeder, J.) ..................................... 4, 5

*Weinberg & Co., P.A. v. Beasley Food Serv., Inc.*,
  No. CV 06-2057, 2008 WL 4500004 (C.D. Cal. Oct. 3, 2008) .......................... 13

*West View Research, LLC v. BMW of N. Am., LLC*,
  2018 WL 4367378 (S.D. Cal. Feb. 5, 2018) ...................................................... 18

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
  848 F.3d 1346 (Fed. Cir. 2017) ........................................... 7, 11, 14, 15

**STATUTES**

28 U.S.C. § 1400(b) ....................................................................................... 7, 15

28 U.S.C. § 1404 ................................................................................................ 19

28 U.S.C. § 1406(a) ........................................................................................... 19

- v -

Cal. Civ. Proc. Code § 410.10 ................................................................................ 7

1

## I.   INTRODUCTION

Two years ago, the predecessors to Plaintiff Uniloc 2017 LLC ("Uniloc 2017") sued Defendant H&R Block, Inc. ("Block, Inc.") in Texas for infringement of three patents, including the two asserted here.  Those Uniloc entities (Uniloc USA, Inc. and Uniloc Luxembourg, S.A., collectively, "Uniloc") voluntarily dismissed their claims against Block, Inc. after learning that Block, Inc.—a Kansas City, Missouri holding company with no involvement with the software accused of infringement—was not a proper party to the lawsuit.  Uniloc filed an amended complaint, naming HRB Digital LLC ("HRB Digital") in Block, Inc.'s place.  HRB Digital, a Delaware company with its sole United States office in Kansas City, then moved to dismiss for improper venue.  However, after the Texas district court invalidated Uniloc's patents in a concurrent lawsuit, and with HRB Digital's fully-briefed venue motion pending, Uniloc voluntarily dismissed its complaint.

Fast forward to 2019.  After the Federal Circuit reversed the judgment invalidating the two patents asserted here, Uniloc 2017 sued both Block, Inc. and HRB Digital—only choosing this Court as its forum instead of Texas.  But nothing has changed since 2017 that would permit suit against either defendant outside the Western District of Missouri.  This Court has no greater authority to exercise personal jurisdiction over Block, Inc. than did the Eastern District of Texas.  And this District is no more a proper venue for suit against HRB Digital (or against Block, Inc.) than Texas.  Uniloc 2017 has no reason to believe that suit is proper in this forum and every reason to believe that Block, Inc. and HRB Digital would move to dismiss when it filed its bare-bones complaint.  It sued anyway.  The Court should dismiss this action for lack of personal jurisdiction as to Block, Inc. and improper venue as to HRB Digital.[1]

---

[1] Venue is improper as to Block, Inc. for the same reasons as to HRB Digital. As a result, even if the Court were to find that personal jurisdiction exists over Block, Inc. (and it is not), the Court should nonetheless dismiss for improper venue.

## II.    BACKGROUND

Uniloc 2017 alleges that Block, Inc. and HRB Digital infringe two United States patents.  *See generally* Dkt. 1 ("Compl.").  Without distinguishing between the two entities, which it collectively refers to as "HRB," Uniloc 2017 claims infringement by online tax software branded with the H&R Block service mark and alleges that "HRB maintains a network of high-security, access-controlled data centers that host a platform through which it offers and provides products and services such as the Free, Deluxe and Premium versions of Online Tax Filing ('HRB platform' or 'platform')."  *Id.* ¶ 7; *see also id.* ¶ 23 ("HRB uses Apache on-demand servers in the United States to host its services.").  Uniloc 2017 offers no specific allegations to support this Court's exercise of personal jurisdiction over Block, Inc. or that this District is a proper venue for a patent infringement suit against either Defendant.

### A.    Block, Inc., a Holding Company, and HRB Digital, a Provider of Online Tax Preparation Software Over the Internet, Operate Out of Missouri.

Block, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Kansas City, Missouri. Declaration of Scott W. Andreasen (hereinafter, "Andreasen Decl.") ¶¶ 4, 5; *see also* Compl. ¶ 2.  Missouri is the only state in which Block, Inc. is authorized to transact business.  Andreasen Decl. ¶¶ 5, 9.

Block, Inc. is a holding company that is the ultimate parent entity to other separate, legally distinct entities in the H&R Block corporate family.  *Id.* ¶ 6. Block, Inc. is not and was not at the relevant time in the business of preparing and filing tax returns.  *Id.*  Block, Inc. conducts no business with individual tax filers directly and does not provide online tax preparation and filing services.  *Id.*  Block, Inc. does not and did not during the relevant time own, operate or maintain the website www.hrblock.com.  *Id.* ¶ 11.  And Block, Inc. does not and did not during the relevant time advertise in California (or anywhere else).  *Id.*  Block, Inc. has

indirect subsidiaries that deliver tax and related services under the trade name "H&R Block." *Id.* ¶¶ 6, 10. Block, Inc. is related to these indirect subsidiaries only in its capacity as an indirect parent corporation in accordance with the applicable laws and articles of incorporation and bylaws. *Id.* ¶ 7.

HRB Digital is one of Block, Inc.'s indirect subsidiaries. *Id.* ¶ 12. HRB Digital is organized in Delaware with its principal place of business in Kansas City, Missouri. *Id.* ¶ 13. While HRB Digital, like Block, Inc., does not prepare tax returns or operate retail offices, it does make available "do-it-yourself" tax preparation software products that enable users to prepare and file their own tax returns. *Id.* ¶¶ 6, 14. HRB Digital makes this online software available to users throughout the United States over the Internet. *Id.* ¶ 14. When using the online tax preparation software, users can input information and file their tax returns electronically on their own without employing the services of a tax professional. *Id.*

Neither Block, Inc. nor HRB Digital has ever been incorporated in California. *Id.* ¶¶ 4, 13. Neither entity has a registered agent for service of process located in California. *Id.* ¶¶ 9, 18. Neither Block, Inc. nor HRB Digital is registered to do business in California. *Id.* Neither Block, Inc. nor HRB Digital own, lease, franchise, or operate any physical stores bearing the H&R Block brand in the Central District of California or anywhere else in the United States. *Id.* ¶¶ 10, 16, 19, 20. H&R Block brand tax offices are operated by separate and distinct H&R Block corporate entities and their franchisees, not Block, Inc. or HRB Digital, neither of which have any franchisees. *Id.* ¶¶ 7, 10, 17, 19. Neither Block, Inc. nor HRB Digital have warehouses, data centers, servers, or a mailing address in California. *Id.* ¶¶ 8, 10, 16.

Neither Block, Inc. nor HRB Digital owns or leases an office in California or has any employees or sales representatives in California. *Id.* ¶¶ 8, 10, 15, 16, 19. And while users of HRB Digital's "do it yourself" tax preparation software

**DEFS.' MTD FOR LACK OF PERSONAL JURISDICTION & IMPROPER VENUE**
**CASE NO. 8:19-cv-01149**

products can upgrade to chat with a tax adviser remotely, those seasonal tax advisers work for a separate entity—not HRB Digital—and their location and relationship to HRB Digital is unknown to the end user. *Id.* ¶ 16.  In short, HRB Digital's connection to the Central District of California is the same connection it has to virtually every other District in the country—a website where the accused online tax preparation software is made available to users over the Internet who have the option to chat with tax advisers remotely.  Block, Inc. lacks even that connection.

### B. Uniloc 2017 Knows from Uniloc's Earlier Lawsuit That Block, Inc. and HRB Digital Operate Out of Missouri.

This case is related to an earlier litigation filed in the Eastern District of Texas by Uniloc 2017's predecessors.  *See generally Uniloc USA, Inc. and Uniloc Luxembourg, S.A. v. H&R Block, Inc.*, Civ. A. No. 2:17-cv-00468 (E.D. Tex.) (Schroeder, J.) (hereafter, "the Texas Litigation").  On June 2, 2017, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. filed suit alleging that Block, Inc. infringed three U.S. patents.  *See* Dkt. No. 1, Texas Litigation.  Because Block, Inc. was not subject to personal jurisdiction in Texas or the proper defendant party, Uniloc subsequently filed an amended complaint substituting HRB Digital as defendant.  *See* Declaration of Andrea W. Jeffries (hereinafter, "Jeffries Decl.") Ex. 1. (correspondence regarding personal jurisdiction and substitution of parties); Dkt. No. 17, Texas Litigation (amended complaint).

HRB Digital then moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue.  *See* Dkt Nos. 19, 20, 21 and 22, Texas Litigation. HRB Digital supported the motion with a declaration from Scott Andreasen, its Vice President and Secretary, regarding HRB Digital's corporate structure and operations.  *See* Dkt. No. 19-2, Texas Litigation.  Uniloc did not present any substantive response to HRB Digital's earlier venue motion, instead asserting (incorrectly) that HRB Digital was estopped from asserting that venue was

- 4 -

improper.  *See id.*  However, before HRB Digital's fully-briefed venue motion was heard or ruled upon in the Texas Litigation, Uniloc elected to voluntarily dismiss its case.  On October 10, 2017, the Texas Court ordered dismissal of Uniloc's claims without prejudice.  *See* Dkt. No. 26, Texas Litigation (dismissing case and denying pending venue motion as moot).

### C.   In This Lawsuit, Uniloc 2017 Offers Nothing More Than Conclusory Allegations Regarding Personal Jurisdiction and Venue.

Following the reversal of an invalidity judgment for two patents asserted in the Texas Litigation, Uniloc renewed its enforcement efforts, focusing its litigation in this District where several declaratory judgment actions have been brought by other alleged infringers.  On June 10, 2019, Uniloc 2017 filed this case against both Block, Inc. (which Uniloc previously dismissed in the Texas Litigation) and HRB Digital (which was the defendant party substituted for Block, Inc. in the Texas Litigation and the subject of a fully-briefed motion for improper venue).  Uniloc 2017 admits that Block, Inc. is a Missouri corporation and HRB Digital is a Delaware corporation, while ignoring the rest of the facts about those parties that were disclosed in the earlier litigation.  Compl. ¶¶ 2-3.

In fact, the full extent of Uniloc 2017's allegations related to jurisdiction and venue is two paragraphs alleging that Block, Inc. has "numerous regular and established places of business within this judicial district" (Compl. ¶ 2 (citing www.hrblock.com.tax-offices/)) and that HRB Digital "distributes tax preparation software to, and for use by, taxpayers within this judicial district" (*id.* ¶ 3).  But, as discussed above, Block, Inc. does not own, lease, or operate these H&R Block branded retail tax offices, which provide in-person tax preparation services. Andreasen Decl. ¶¶ 6, 7, 10.  Instead, these offices are owned, leased, or operated by other separate and distinct H&R Block entities and their franchisees, which neither provide do-it-yourself online tax preparation services nor use the accused HRB Digital online tax software.  *Id.*  And HRB Digital's online distribution of tax

- 5 -

software says nothing of where HRB Digital is located.

Beyond these unsupported allegations, every other paragraph of the complaint refers to Block, Inc. and HRB Digital collectively. *See, e.g.*, Compl. ¶¶ 7, 23. Uniloc 2017 does not offer a single factual allegation specific to Block, Inc. detailing Block, Inc.'s alleged business in this District. Nor does Uniloc 2017 specifically identify a single place of business allegedly owned or operated by HRB Digital in this District. As discussed above, neither Block, Inc. nor HRB Digital has any such connections to this District.

## III.   LEGAL STANDARDS

### A.   Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. Proc. 12(b)(2). Once personal jurisdiction is challenged, a plaintiff "bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "[M]ere 'bare bones' assertions of minimum contacts with the forum" or conclusory allegations "will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). And where, as here, a defendant "adduce[s] evidence controverting the allegations" in the complaint, the plaintiff "must 'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Ayunan v. Caktiong*, No. CV 15-9355-RSWL-PLAx, 2016 WL 738288, at *3 (C.D. Cal. Feb. 23, 2016) (citation omitted).

Federal Circuit law governs the substantive aspects of the personal jurisdiction analysis in this patent infringement action. *See New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017). Because California's long-arm statute permits service of process to the limits of the Due Process Clause of the U.S. Constitution, the personal jurisdiction analysis is limited to determining "whether the assertion of personal jurisdiction comports with due

- 6 -

process." *Id.* (citing *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017)); *accord Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)); Cal. Civ. Proc. Code § 410.10.

### B.    Venue

Federal Rule of Civil Procedure 12(b)(3) authorizes a defendant to seek dismissal of an action for improper venue.  Fed. R. Civ. Proc. 12(b)(3).  In a patent case, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  As with personal jurisdiction, "the Plaintiff bears the burden of establishing proper venue."  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

## IV.   ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Block, Inc.

Before a court may exercise personal jurisdiction over an out-of-state defendant, federal due process requires that "the defendant ha[ve] certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citation and internal quotation marks omitted).  In attempting to demonstrate jurisdiction, a plaintiff can invoke two forms of personal jurisdiction—"'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction.'"  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) (citation omitted).  Uniloc 2017 can do neither here.  Uniloc 2017 cannot show that Block, Inc. has sufficient contacts with California such that the exercise of jurisdiction comports with due process.

1.     **The Court Lacks General Jurisdiction Over Block, Inc. Because Block, Inc. Cannot Be Regarded as "Essentially at Home" in California.**

"Under general jurisdiction, a district court can hear any and all claims against out-of-state defendants when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (citing *Daimler*, 134 S. Ct. at 749 (internal quotation marks and alterations omitted)); *accord Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) ("General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state.") (citing *Daimler*, 134 S. Ct. at 751 (internal quotation marks omitted)).  This standard is demanding: "[t]he paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.  Only in an exceptional case will general jurisdiction be appropriate anywhere else." *Ranza*, 793 F.3d at 1069 (internal quotation marks and citations omitted); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) ("The standard for general jurisdiction 'is an exacting standard . . . .'") (citation omitted).

Measured against these standards, Block, Inc. is not subject to general jurisdiction in California.  It is neither incorporated in California nor does it have its principal place of business in California.  Nor is there any "exceptional" circumstance that could justify exercising general personal jurisdiction over Block, Inc. in California.  Even if engaging in systematic business activity in California could be enough (which it is not), Block, Inc. engages in no such activity here.  It does not have, and did not have during the relevant time alleged in the Complaint, offices or a mailing address in California; employees in California; or a registered agent for service of process located in California.  Andreasen Decl. ¶ 8; *see also Ivy Bridge Univ., LLC v. Higher Learning Comm'n*, No. 15-CV-02187-SC, 2015 WL

- 8 -

6555428, at *3 (N.D. Cal. Oct. 28, 2015) (no general jurisdiction because the non-resident defendant has "no offices or staff in California, is not registered to do business in the state, has no registered agent for service of process in the state, and pays no California state taxes").  Rather, any office bearing the name "H&R Block" in California is owned and operated by an entity other than Block, Inc.  Andreasen Decl. ¶ 10.  Block, Inc. also is not currently registered to do business in California with the California Secretary of State, nor was it registered with the California Secretary of State during the relevant time.  *Id.* ¶ 9.  Accordingly, no relevant factor supports general jurisdiction over Block, Inc. in this case.

Uniloc 2017 attempts to collapse Block, Inc. and HRB Digital into one, collectively referring to them as "HRB" throughout the Complaint.  Compl. ¶ 1; *see also id.* ¶ 23 ("HRB uses Apache on-demand servers in the United States to host its services").  But apart from the conclusory (and false) allegation that it has tax offices in this District (Compl. ¶ 2), Block, Inc. is not alleged actually to have had any contacts with California, let alone pervasive contacts that "render it essentially at home" in California.  *Martinez*, 764 F.3d at 1066; *accord NexLearn*, 859 F.3d at 1375.  Moreover, personal jurisdiction cannot be premised on the contacts that its separate, legally distinct indirect subsidiaries may have with California.  *See* Andreasen Decl. ¶ 7; *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, No. CV 01-11015MMM, 2003 WL 24242419, at *12 (C.D. Cal. April 24, 2003) ("[C]ourts do not impute the contacts of a subsidiary into its parent to determine whether personal jurisdiction over the parent exists."); *see also Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("[W]here a parent and a subsidiary are separate and distinct corporate entities, the presence of one ... in a forum state may not be attributed to the other."); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent.").

Based upon the lack of allegations in the complaint and the undisputed facts

- 9 -

in the Andreasen Declaration, this Court should find that there is no general jurisdiction over Block, Inc.  Indeed, numerous courts in California have reached the same conclusion and dismissed actions against Block, Inc. for lack of personal jurisdiction.  *See King v. H&R Block, Inc.*, No. BC713818 (Cal. Super. Ct., L.A. Cty. March 15, 2019) (Order Granting Block, Inc.'s Mot. to Quash Service of Summons and the Compl. for Lack of Personal Jurisdiction); *Sisson v. Wells Fargo Bank N.A.*, No. BC480833 (Cal. Super. Ct., L.A. Cty. July 24, 2014) (Order Granting Block, Inc.'s Mot. to Quash for Lack of Personal Jurisdiction); *Sayabath v. Invesco Ltd., Inc.*, No. 34-2009-00066011 (Cal. Super. Ct., Sacramento Cty. July 7, 2011) (Order Granting Block, Inc.'s Mot. To Quash for Lack or Personal Jurisdiction); *Celsi v. H&R Block, Inc.*, No. DR081255 (Cal. Super. Ct., Humboldt Cty. Apr. 14, 2010) (Order granting Block, Inc.'s Mot. to Quash for Lack of Personal Jurisdiction, at 2 ("There is not evidence of 'extensive contacts' for general jurisdiction.")); *Cortese v. H&R Block Tax & Bus. Servs., Inc.*, No. CV-14-7550-PSG-MRW (C.D. Cal. Jan. 15, 2016) (Order Granting Block, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, at 3-6 ("The Court therefore finds that Plaintiff has failed to carry his burden of showing that there is general jurisdiction over H&R Block, Inc.")); *Sarad v. Option One Mortg. Corp.*, No. CIV S-09-1080, 2010 WL 3784014, at *7 (E.D. Cal. Sept. 27, 2010) ("H&R Block, Inc.'s motion to dismiss for lack of personal jurisdiction must be granted.").[2]

### 2.     The Court Lacks Specific Jurisdiction Over Block, Inc.

Uniloc 2017 likewise cannot demonstrate that Block, Inc. is subject to specific jurisdiction in California.  For a court to exercise specific jurisdiction, "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'  In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum

---

[2]  Each of these orders is attached to the accompanying Jeffries Declaration as Exhibits 2-7.

State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 137 S. Ct. at 1780 (citations omitted; alterations in original).  For patent infringement claims, the Federal Circuit employs a three-part test to determine whether a court can exercise specific jurisdiction over a non-resident defendant:  "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'"  *Xilinx*, 848 F.3d at 1353 (citations omitted).  "The first two factors correspond with the 'minimum contacts prong of the [*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis."  *Id.* (citation omitted).[3]

Uniloc 2017 bears the burden of proving minimum contacts.  *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).  And it must meet this burden as to each defendant—a plaintiff cannot simply lump defendants together.  *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("aggregating [multiple defendants'] forum contacts" was "plainly unconstitutional").  Thus, for each defendant, Uniloc 2017 must establish that the defendant "purposefully directed" its activities to California and that Uniloc 2017's claims arise out of those forum-related activities.  *Xilinx*, 848 F.3d at 1353.  If a plaintiff can meet that burden, only then does the burden shift to the defendant to show that exercising jurisdiction would be unreasonable.  *Elecs. For Imaging*, 340 F.3d at 1350.

Here, Uniloc 2017 cannot show that Block, Inc. purposefully directed its activities toward California or that its claims arise out of Block, Inc.'s (nonexistent) California-related activities.  Either failure alone precludes specific jurisdiction.  In any event, the exercise of jurisdiction over Block, Inc. would be unreasonable.

---

[3] In *International Shoe*, the Supreme Court formulated the due process test for personal jurisdiction as requiring that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

(a)   **Block, Inc. Did Not Purposefully Direct Its Activities To California.**

To satisfy the "purposeful direction" element of the Federal Circuit's test, a defendant, "[o]n its own," must take "direct actions toward the residents of" the forum. *3D Sys., Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1380 (Fed. Cir. 1998). Thus, in *3D Systems*, evidence that a subsidiary "sent promotional letters, solicited orders for models, sent videos and sample parts, and issued price quotations to residents of California;" "responded to e-mail requests for information, and discussed the use of a California company's software with its own [accused] RP equipment"; and "purchased parts for its RP equipment in California" established that its "actions were clearly purposefully directed at the State of California." *Id.* at 1378.  But the facts that the parent company's "name appeared … on the letterhead used by [its subsidiary] to correspond with certain California residents" and it "maintained a World-Wide-Web site viewable in California" were insufficient to establish purposeful direction. *Id.* at 1380.

Block, Inc. does not even engage in the sort of activities found insufficient in *3D Systems*.  Uniloc 2017 alleges, based on a webpage using the H&R Block trade name, that Block, Inc. has "numerous … places of business within this judicial district."  Compl. ¶ 2.  But that conclusory allegation is false. Andreasen Decl. ¶¶ 7, 10.  As Block, Inc. explained to Uniloc in the previous action and as it reiterated to Uniloc 2017 again in this action, Block, Inc. does not provide any tax preparation services, in person or through the use of online tax preparation software by tax filers, in California or anywhere else in the United States.  Jeffries Decl. Ex. 1; Andreasen Decl. ¶¶ 6, 7.  Pertinent here, Block, Inc. does not make, use, sell, offer to sell, import, develop, test, support, provide, or distribute any software products or services that allow tax filers to prepare and file their own tax returns, including the online tax filing software accused of infringing the patents-in-suit.  *Id.*; *cf.*

1  Compl. ¶¶ 7-15, 23-26 (alleging that "HRB" engages in these activities).[4]

2          Uniloc 2017's conclusory allegations cannot overcome a challenge to

3  personal jurisdiction supported by an affidavit.  *See Heber v. Toyota Motor Sales*

4  *U.S.A., Inc.*, No. SACV 16-01525, 2018 WL 3104612, at *3 (C.D. Cal. June 11,

5  2018) (Court has no personal jurisdiction over defendant "[c]onsidering Plaintiffs'

6  minimal unsupported . . . allegations and [defendant's] significant evidence to the

7  contrary").  Thus, Uniloc 2017 cannot satisfy the purposeful direction test.

8                    **(b)      Uniloc 2017's Claims Do Not "Arise Out Of" or**
                              **"Relate To" Any Block, Inc. California Activities.**
9

10          The controversy alleged in the Complaint is not related to nor does it arise

11  out of Block, Inc.'s contacts with California for the simple reason that Uniloc 2017

12  has failed to identify any relevant contacts Block, Inc. has with California—after

13  all, the claims cannot "'arise out of' Defendant's contacts with California [if]

14  Defendant has no contacts with California." *Weinberg & Co., P.A. v. Beasley Food*

15  *Serv., Inc.*, No. CV 06-2057, 2008 WL 4500004, at *4 (C.D. Cal. Oct. 3, 2008); *see*

16  *3D Sys.*, 160 F.3d at 1380 ("On its own, Aarotech directed no activity toward the

17  residents of California; therefore, we need not examine the other two prongs of the

18  … test.").  Again, since Uniloc 2017's conclusory allegation that Block, Inc. has

19  "places of business within this judicial district" is false and the Complaint contains

20  no other jurisdictional allegations specific to Block, Inc., there are no allegations

21  that the controversy at issue in the Complaint "arises out of or relates to" Block,

22  Inc.'s contacts with California (which do not exist in any event).[5]  Uniloc 2017 thus

23  fails to show, as it must, that its claims arise out of or relate to any Block, Inc.

24          [4] The Court cannot find a basis for personal jurisdiction in Uniloc 2017's
25  boilerplate allegations that "HRB"—defined as both Block, Inc. and HRB Digital—
    took certain actions even if HRB Digital did engage in those activities.  Each
26  defendant must be considered "on its own." *3D Sys.*, 160 F.3d at 1380-81
    ("corporate form is not to be lightly cast aside").

27          [5] Moreover, even if Uniloc had places of business in the forum—which it
28  does not—that would not establish that Uniloc 2017's claims of patent infringement
    based on *online* tax software arises out of or relates to those activities.

**DEFS.' MTD FOR LACK OF PERSONAL JURISDICTION & IMPROPER VENUE**
**CASE NO. 8:19-cv-01149**

1  forum-related activities.

2  **(c)    The Exercise of Personal Jurisdiction Over Block, Inc., Would Be Unreasonable.**

3

4    Uniloc 2017's inability to satisfy the first two elements of the specific-

5  jurisdiction analysis precludes a finding of specific jurisdiction.  Moreover, a

6  California court's assertion of personal jurisdiction over Block, Inc. would be

7  unreasonable.  The Federal Circuit assesses "five considerations relevant to the

8  reasonableness analysis" as set forth by the Supreme Court:

9         [1] "the burden on the defendant," [2] "the forum State's
          interest in adjudicating the dispute," [3] "the plaintiff's
10        interest in obtaining convenient and effective relief,"
          [4] "the interstate judicial system's interest in obtaining
11        the most efficient resolution of controversies," and [5] the
          "shared interest of the several States in furthering
12        fundamental substantive social policies."

13  *Xilinx*, 848 F.3d at 1355 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

14  477 (1985) (citations omitted)).

15    On balance, these factors weigh against, and none weigh in favor of,

16  exercising personal jurisdiction over Block, Inc.  Given that the Complaint alleges

17  absolutely no specific acts taken by Block, Inc. that were purportedly directed at

18  Plaintiffs in this forum, requiring Block, Inc. to defend against a lawsuit in this

19  forum would be burdensome *per se*.  *See Idaho v. M.A. Hanna Co.*, 819 F. Supp.

20  1464, 1484 (D. Idaho 1993) (finding that it is burdensome for a defendant to litigate

21  in a forum in which it has no contacts).  The second factor also weighs against

22  exercising personal jurisdiction given that California has no unique interest in a

23  Missouri company's alleged infringement of a Delaware company's patents (*see*

24  Compl. ¶¶ 1, 2), whereas Missouri has a direct interest in its corporate citizen's

25  alleged violations of the law.  *See Bristol-Myers*, 137 S. Ct. at 1780-81; *Xilinx*, 848

26  F.3d at 1356.

27    And the remaining factors are either neutral or entitled to little weight.  While

28  California might be more convenient for Uniloc 2017, "neither the Supreme Court

- 14 -

nor [the Ninth Circuit] has given much weight to inconvenience to the plaintiff." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993); *see also Bristol-Myers*, 137 S. Ct. at 1780-81.  Any efficiency gained by proceeding in this Court as a result of Uniloc 2017's litigation against other, unrelated accused infringers in the District is balanced by the fact that to the extent Block, Inc. has any relevant witnesses and documents, they would be in Missouri, with no witnesses or evidence in California.  Finally, there is no "conflict between the interests of California and any other state, because 'the same body of federal patent law would govern the patent … claim irrespective of the forum.'"  *Xilinx*, 848 F.3d at 1356 (quoting *Elecs. for Imaging*, 340 F.3d at 1352).

Considered together, the reasonableness factors weigh in favor of Block, Inc. Thus, the exercise of personal jurisdiction over Block, Inc. would be unreasonable even if Uniloc 2017 could establish minimum contacts in the District.  The Complaint against Block. Inc. should be dismissed for want of jurisdiction.[6]

**B.    This District Is Not a Proper Venue For Suit Against Either Defendant.**

It is undisputed that Block, Inc. is incorporated in Missouri and HRB Digital is organized in Delaware, and thus venue is not proper under the first prong of the patent venue statute, "the judicial district where the defendant resides."  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017); *see also* Compl. ¶¶ 2, 3.[7]  Further, under the second prong of the patent venue statute, regardless of whether Uniloc 2017 has sufficiently alleged that Block, Inc. or HRB Digital committed acts of infringement in this District (which

---

[6] Because this Court lacks jurisdiction over Block, Inc., it need not consider whether this District is a proper venue for suit against Block, Inc.  This motion addresses the propriety of venue as to Block, Inc. solely as an alternative basis for dismissal and because the facts supporting the 12(b)(3) motion as to Block, Inc. are nearly identical to those supporting the 12(b)(3) motion as to HRB Digital.

[7] Not only is HRB Digital organized under Delaware law, as Uniloc 2017 admits, but its principal place of business is in Kansas City, Missouri—not the Central District of California.  Andreasen Decl. ¶ 13.

both defendants deny), neither has a "regular and established place of business" in this District under the Federal Circuit's test in *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017).

In *Cray*, the Federal Circuit explained that for a defendant to have a regular and established place of business in a district:  "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360.  As the third prong of the test implies, these requirements must be met as to each defendant.  *See also RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 548–49 (S.D.N.Y. 2018) ("Whether or not the entities were working together, they are different companies and thus must both be subjected to individual venue analyses.") (citing *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997)); *Tower Labs., Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 323-25 (D.D.C. 2018) (dismissing complaint as to three corporate entities notwithstanding the propriety of venue over six related entities in the forum); *Anza Tech., Inc. v. Mushkin, Inc.*, No. 2:17-00656, 2017 WL 6538981, at *2 (E.D. Cal. Dec. 21, 2017) ("'When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim.'") (citation omitted).  Uniloc 2017 cannot meet its burden as to either Block, Inc. or HRB Digital.

First, neither Block, Inc. nor HRB Digital has a physical place in this District.  Neither entity owns, leases, operates, or franchises any offices or other real property in the District.  Andreasen Decl. ¶¶ 10, 16, 19.  Neither maintains any data centers or facilities to store personal property in the District.  *Id.* ¶¶ 10, 16. Each of Block, Inc. and HRB Digital have only one office in the United States, and that is in Kansas City, Missouri.  *Id.* ¶¶ 5, 13.  The H&R Block branded tax offices in the District are owned, leased, and operated by separate and distinct corporate entities and their franchisees.  *Id.* ¶¶ 10, 19.  And the H&R Block branded tax

- 16 -

offices do not sell or distribute the accused online tax preparation software.  *Id.* ¶ 20.  At base, Uniloc 2017 alleges that the sale of online tax software establishes venue anywhere the tax software is downloaded.  But that is insufficient.  There simply is not a "physical, geographical location in the district from which the business of [either] defendant is carried out."  *Cray*, 871 F.3d at 1362 (explaining that the patent venue statute "cannot be read to refer merely to a virtual space or to electronic communications from one person to another").  That is reason alone to dismiss the Complaint against both defendants for improper venue.

Second, neither Block, Inc. nor HRB Digital has employees or sales representatives in the District that could support a regular and established place of business.  Andreasen Decl. ¶¶ 8, 15.  While certain users of HRB Digital's online software may elect to speak with a remote tax preparer provided by a separate entity (*id.* ¶ 15), the location and affiliation of those seasonal contractors is irrelevant for purposes of HRB Digital's business and the customer experience. Moreover, the fact that some of those individuals provide seasonal services to HRB Digital from this District (*id.* ¶¶ 15-16) is of no moment here, given that even the existence of year-round *employees* in a forum is generally insufficient to establish venue.  *See Cray*, 871 F.3d at 1366 (holding that a "physical location where an employee of the defendant carries on certain work for his employer" was not a "regular and established place of business").[8]  That is because for a place of business to be "regular and established," the business must "operate[] in a steady, uniform, orderly, and methodical manner" and the place where that business is carried out be "settled certainly, or fixed permanently."  *Cray*, 871 F.3d at 1362-63 (citations, quotation marks, and alterations omitted).  If contracting for support from a dedicated call center operated year-round by a separate entity is insufficient

_____

[8] Similarly, *Cray* precludes any argument that the existence of IT personnel employed by a separate entity who support HRB Digital from their home offices is sufficient to establish venue.  *See* Andreasen Decl. ¶¶ 15-16.

**DEFS.' MTD FOR LACK OF PERSONAL JURISDICTION & IMPROPER VENUE
CASE NO. 8:19-cv-01149**

to establish venue, *see AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *3–4 (E.D. Tex. Sept. 28, 2018), relying on a separate entity for seasonal online support from tax advisers who also provide support for other entities during the off season cannot be sufficient.

Third, to the extent that Uniloc 2017 points to the H&R Block branding of tax offices in the District that are owned and operated by other entities, that is insufficient.  What matters is "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Cray*, 871 F.3d at 1363.  "Marketing or advertisements also may be relevant, but only to the extent they indicate that the defendant itself holds out a place for its business." *Id.*  As noted above, neither Block, Inc. nor HRB Digital owns or leases any offices in California.  Nor does the use of a trade name subject one entity in a corporate family to the locations where other entities operate.  *See Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd*, No. SA CV 17-1748-DOC, 2018 WL 4963129, at *9 (C.D. Cal. June 22, 2018) ("Plaintiff has not carried its burden to establish that the Samsung Experience Shops are a regular and established place of business belonging to Defendant SPI."); *Green Fitness Equip. Co. v. Precor Inc.*, No. 18-cv-00820-JST, 2018 WL 3207967, at *4 (N.D. Cal. June 29, 2018) (finding improper venue despite a subsidiary's use of the defendant's logo at several locations in the district); *West View Research, LLC v. BMW of N. Am., LLC*, 2018 WL 4367378, *7-8 (S.D. Cal. Feb. 5, 2018) (finding improper venue where plaintiff attempted to attribute location of car dealerships to manufacturer despite "no facts to support collapsing the corporate forms").  That other entities own or lease offices in this District does not establish a place "of the defendant[s]," Block, Inc. and HRB Digital.  *Cray*, 871 F.3d at 1360.

Finally, beyond showing that a defendant has a regular and established place of business, courts have also required plaintiffs to identify a relationship between that place and the alleged acts of infringement.  *See Scaramucci v. FMC Corp.*, 258

F. Supp. 598, 602 (W.D. Okla. 1966) ("there must be some reasonable or significant relationship between the accused item and any regular and established place of business"); *see also Jeffrey Galion, Inc. v. Joy Mfg. Co.*, 323 F. Supp. 261, 266-67 (N.D. W. Va. 1971).  That is because Congress intended that the alleged infringement take place at the regular and established place of business grounding venue.  29 Cong. Rec. 1900 (Feb. 16, 1897) ("The main purpose of the bill is to give original jurisdiction to the court where a permanent agency transacting the business is located, and that business is engaged in the infringement.") (statement of Rep. Lacey, proponent of § 1400(b)'s predecessor).  But none of Block, Inc. or HRB Digital's purported places of business in this District have any relationship to the alleged infringement, which is based solely on a user's interaction with the online "HRB platform."  Compl. ¶¶ 15, 24.

In summary, none of the facts that courts have cited in finding venue based on a defendant's "regular and established place of business" is present here.  Venue in this District is improper.  Accordingly, the Court must "dismiss, or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In the event the Court does not dismiss, it should transfer to the Western District of Missouri.[9]

## V.    CONCLUSION

For these reasons, the Court should dismiss this case or, in the interest of justice, transfer it to the Western District of Missouri.

---

[9] HRB Digital also intends to move for a transfer of venue under 28 U.S.C. § 1404.

- 19 -
**DEFS.' MTD FOR LACK OF PERSONAL JURISDICTION & IMPROPER VENUE**
**CASE NO. 8:19-cv-01149**

1

2    Dated: August 23, 2019                    JONES DAY

3

4                                              By: /s/ Andrea W. Jeffries
                                                   Andrea W. Jeffries
5
                                               Attorneys for Defendants
6                                              H&R BLOCK, INC. AND HRB
                                               DIGITAL LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF CONFERENCE**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 30, 2019 by Keith Davis of Jones Day (co-counsel for specially-appearing defendants H&R Block, Inc. and HRB Digital, LLC) and James Foster, counsel for Plaintiff Uniloc 2017.

Dated: August 23, 2019                    Respectfully submitted


                                          By: */s/ Andrea W. Jeffries*
                                              Andrea W. Jeffries

NAI-1508542356v3

**DEFS.' MTD FOR LACK OF PERSONAL JURISDICTION & IMPROPER VENUE**
**CASE NO. 8:19-cv-01149**